D2RBDIMP                    Plea

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4           v.                          12 CR 205 (RPP)

5   BENNY DiMARCO a/k/a "VINCENT
    M. DiMARCO,"
6
                    Defendant.
7
    ------------------------------x
8
                                        New York, N.Y.
9                                       February 27, 2013
                                        12:15 p.m.
10

11  Before:

12              HON. ROBERT P. PATTERSON, JR.,

13                                      District Judge

14
                            APPEARANCES
15
    PREET BHARARA
16       United States Attorney for the
         Southern District of New York
17  MARTIN BELL
         Assistant United States Attorney
18
    FEDERAL DEFENDERS OF NEW YORK INC.
19       Attorneys for Defendant
    JONATHAN A. MARVINNY
20
    ALSO PRESENT:
21       VERONICA MORALES, ATF

22

23

24

25

1          (In open court)

2          THE DEPUTY CLERK:  *United States of America v. Benny*

3    *DiMarco*.

4          Is the government ready in this matter?

5          MR. BELL:  Yes, your Honor.  Good afternoon.  Martin

6    Bell for the government.  With me at counsel table, with the

7    Court's permission, is Special Agent Veronica Morales from ATF.

8          THE COURT:  Good afternoon, Mr. Bell and Ms. Morales.

9          THE DEPUTY CLERK:  Is the defendant ready in this

10   matter?

11         MR. MARVINNY:  Yes, your Honor.  Good afternoon.

12   Federal Defenders of New York, Jonathan Marvinny, for

13   Mr. DiMarco.

14         THE COURT:  Good afternoon, Mr. Marvinny and good

15   afternoon, Mr. DiMarco.

16         THE DEFENDANT:  How you doing, your Honor?

17         THE COURT:  What's the purpose of the defendant's

18   appearance here, Mr. Marvinny?

19         MR. MARVINNY:  Your Honor, with the Court's

20   permission, Mr. DiMarco would move the Court to change his plea

21   from not guilty to guilty on all three counts of the indictment

22   pursuant to a plea agreement.

23         THE COURT:  Is that a plea agreement, a letter dated

24   February 26th, addressed to you, Mr. Marvinny, and comprised of

25   six pages signed by Mr. Bell and Jeffrey Brown, co-chief of the

D2RBDIMP                    Plea

1   General Crimes Unit of the United States Attorney's Office.

2            MR. MARVINNY:  Yes, your Honor.  I believe the

3   original, which I and Mr. DiMarco have signed, was just handed

4   up to your Honor.

5            THE COURT:  It bears the signature of Mr. DiMarco and

6   yourself as of today's date?

7            MR. MARVINNY:  Yes, your Honor.

8            THE COURT:  All right.  Thank you.

9            THEN I'll ask Mr. Robert to swear in Mr. DiMarco.

10           (Defendant sworn)

11           THE DEPUTY CLERK:  Please state your name.

12           THE DEFENDANT:  Benny DiMarco.

13           THE DEPUTY CLERK:  Judge, can he be seated?

14           THE COURT:  Yes, of course.

15           THE DEPUTY CLERK:  Just keep your voice up and use the

16   microphone.

17           THE DEFENDANT:  Sure.

18           THE COURT:  Mr. DiMarco, do you understand that you're

19   now under oath and that if you answer any of my questions

20   falsely, your answers may later be used against you in another

21   prosecution for perjury or making a false statement?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Could you tell us your full name, please?

24           THE DEFENDANT:  Benny DiMarco.

25           THE COURT:  And how old are you?

1              THE DEFENDANT:  Fifty-six.

2              THE COURT:  How far have you gone in school?

3              THE DEFENDANT:  Got my GED.

4              THE COURT:  Do you have any difficulty in

5    understanding English?

6              THE DEFENDANT:  No, sir.

7              THE COURT:  Have you ever been treated for a mental

8    illness or addiction problem?

9              THE DEFENDANT:  No, your Honor.

10             THE COURT:  Have you ever been treated for addiction

11   to alcohol or narcotic drugs?

12             THE DEFENDANT:  Drugs, yes, your Honor.

13             THE COURT:  How long ago?

14             THE DEFENDANT:  A couple years ago.

15             THE COURT:  You've been out of treatment a few years?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  Have you ever used any drug or

18   prescription or medication within the last two days?

19             THE DEFENDANT:  No, sir.

20             THE COURT:  Have you used any alcoholic beverage

21   within the last two days?

22             THE DEFENDANT:  No, sir.

23             THE COURT:  Have you received a copy of the indictment

24   in this case?

25             THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  And have you read it?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Have you discussed the charges in the

4    indictment fully with your lawyer, Mr. Marvinny?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Has Mr. Marvinny explained the charges in

7    the indictment to you?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Are you fully satisfied with Mr. Marvinny

10   as your lawyer and with the representation and legal advice

11   he's given you in this case?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Have you read this letter dated February

14   26th, 2013, addressed to Mr. Marvinny and signed by Mr. Bell

15   and by Mr. Jeffrey Brown, co-chief of the General Crimes Unit

16   of the United States Attorney's Office?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  And have you read it?  Have you discussed

19   it with Mr. Marvinny?

20         THE DEFENDANT:  Yes.

21         THE COURT:  And did he explain everything in this

22   letter of February 26th to you to your satisfaction?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Does this letter contain the terms of your

25   plea agreement with the United States Attorney's Office?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Has anyone made any other or different

3    promise to you in an effort to induce you to enter a plea of

4    guilty in this case?

5          THE DEFENDANT:  No, your Honor.

6          THE COURT:  Has anyone attempted in any way to force

7    you to plead guilty in this case?

8          THE DEFENDANT:  No, your Honor.

9          THE COURT:  You understand that the offenses to which

10   you're planning to plead guilty are felony offenses and if your

11   pleas are accepted, that you will be adjudged guilty of each of

12   those offenses and that such adjudication may deprive you of

13   valuable civil rights such as the right to vote, the right to

14   hold public office, the right to serve on a jury, and the right

15   to possess any kind of firearm?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Can the defendant be deported if he's

18   convicted of these charges?

19         MR. MARVINNY:  No, he cannot.

20         MR. BELL:  That's my understanding as well, your

21   Honor.

22         THE COURT:  He's a citizen of the United States?

23         MR. BELL:  Yes, your Honor.

24         THE COURT:  What is the government's position as to

25   bail, as to the maximum possible penalty which can be imposed,

1  if the defendant pleads guilty to Counts One, Two and Three?

2          MR. BELL:  Your Honor, the government's position as to

3  the maximum possible penalty on all three counts, as noted

4  within the letter agreement, is 25 years.

5          THE COURT:  All right.  On Count One?

6          MR. BELL:  Sure, your Honor, I can break it down.  As

7  to Count One, the 922(g)(1) count, the maximum possible penalty

8  is ten years.  As to Count Two, that's the defacement count,

9  the maximum possible penalty is five years.  And as to Count

10  Three, that's the Title 26 silencer count, the maximum possible

11  penalty is ten, giving us a total of 25.

12          THE COURT:  And are there any other penalties that the

13  defendant would suffer if he pleads guilty to Counts One, Two

14  and Three?

15          MR. BELL:  Yes, your Honor.  There is certainly the

16  possibility of a fine as to Counts One and Two.  That fine

17  would be dictated by Title-- sorry, as to Title 18's fine

18  provisions, that is that the maximum would be either a quarter

19  million dollars or the greatest of loss created or benefit

20  obtained by Mr. DiMarco through the offense, although, as a

21  factual matter, I don't believe that that would apply here.

22          There is also as to Count Three a maximum fine under

23  Title 26 of $10,000.

24          There are also mandatory special assessments that

25  apply as to each count for a total of $300.

1          THE COURT:  One hundred dollars on each count?

2          MR. BELL:  That's correct, your Honor.  I should also

3    note that there are maximum supervised release penalties that

4    also potentially attach.  As to Count One, the maximum

5    supervised release penalty would be three years.  That's also

6    true of Count Two, a maximum term of three years' supervised

7    release.  And that's also true actually for Count Three.  So a

8    maximum of three years' supervised release as to each count.

9          THE COURT:  Mr. DiMarco, do you understand that on

10   Count One, you could be sentenced to as long as-- under the law

11   you could be sentenced to as long as ten years of imprisonment

12   and to be followed by up to three years of supervised release,

13   a fine of $250,000, and a $100 special assessment?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  And do you understand that under Count

16   Two, you could be sentenced to up to five years of

17   imprisonment, up to three years of supervised release, and a

18   fine of $250,000 and a special assessment of $100?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  And the special assessments are mandatory.

21         And then on Count Three, you could be sentenced to as

22   long as ten years of imprisonment to be followed by up to three

23   years of supervised release, and you could also be fined

24   $10,000, and there's a mandatory $100 assessment which you'd be

25   liable for.

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Now, I mentioned the term "supervised

3    release."  You understand that by supervised release, we mean

4    the following:  That in addition to any term of imprisonment

5    that you may suffer, there would be a term of supervised

6    release to take place after that term of imprisonment.  And

7    that would mean you would be released on conditions, conditions

8    such as you cannot commit another federal, state or local

9    crime; you cannot possess illegal drugs; you cannot possess

10   guns; and you must report to a probation officer.

11             And if the government had evidence that you have not

12   complied with any of those conditions, it could have you

13   brought back here to court.  And if I found that you had, in

14   fact, broken those conditions, I could send you back to prison

15   for the entire term of supervised release imposed at the time

16   of your sentence.

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  And are you aware that the United States

19   Sentencing Commission has issued guidelines for judges to

20   follow to determine the sentence in a criminal case?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  And has Mr. Marvinny advised you as to how

23   the guidelines might apply in your case?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Do you understand that the Court in

 1    determining your sentence has an obligation to calculate the

 2    applicable sentencing guideline range and to consider that

 3    range as a possible sentence, and then to consider possible

 4    departures under the sentencing guidelines to arrive at a

 5    possible sentence?  And, lastly, to consider other sentencing

 6    factors under Section 3553(a) of Title 18, United States Code,

 7    in order to arrive at a sentence that is sufficient, but not

 8    greater than necessary, to achieve the purposes of the

 9    sentencing factors in Section 3553(a)?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  And has Mr. Marvinny explained what the

12    sentencing factors in 3553(a) are?

13             MR. MARVINNY:  Your Honor, if I may have one moment.

14             THE COURT:  Yes.

15             (Pause)

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  You understand that the Court will not be

18    able to determine the sentence for your case or compute the

19    guidelines for your sentence until after a presentence report

20    has been completed and you and Mr. Marvinny, as well as the

21    government, have had an opportunity to challenge the facts

22    reported by the probation office?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Do you understand that even after it's

25    been determined what sentencing guideline applies in your case,

D2RBDIMP                     Plea

1    the judge has authority in some circumstances to impose a

2    sentence that is more severe or less severe than the guidelines

3    sentence?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Do you also understand that under your

6    plea agreement, you have agreed that you will not file a direct

7    appeal nor bring a collateral challenge to your sentence,

8    including, but not limited to, an application under 28 United

9    States Code, Section 2255 or Section 2241, nor to seek a

10   sentence modification pursuant to Title 18, United States Code,

11   Section 3582(c) of any sentence within or below the stipulated

12   guideline range of 37 to 46 months of imprisonment?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  You also understand that you've agreed to

15   waive any right to withdraw your plea or attack your conviction

16   either on direct appeal or collaterally on the ground that the

17   government has failed to produce any discovery material, Jencks

18   Act material, exculpatory material pursuant to *Brady v.*

19   *Maryland* other than information establishing your factual

20   innocence, and impeachment experience material pursuant to

21   *Giglio v. United States* that has not already been produced as

22   of the date of the signing of this plea agreement?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  All right.  Do you also understand that

25   parole has been abolished and if you were sentenced to prison,

1    you will not be released on parole?

2                    THE DEFENDANT:  Yes, your Honor.

3                    THE COURT:  And do you understand that if the sentence

4    is more severe than you expected, you will still be bound by

5    your plea of guilty and will have no right to withdraw your

6    plea of guilty?

7                    THE DEFENDANT:  Yes, your Honor.

8                    THE COURT:  Do you understand you have the right to

9    plead not guilty to any offense charged against you and to

10   continue with that plea of not guilty?

11                   THE DEFENDANT:  Yes, your Honor.

12                   THE COURT:  Do you understand that then you would

13   have, first, a right to a trial by jury, at which trial the

14   jury would be instructed that you are to be presumed innocent

15   until such time, if any, as it reaches a unanimous verdict of

16   guilty beyond a reasonable doubt?

17                   THE DEFENDANT:  Yes, your Honor.

18                   THE COURT:  And you understand that that jury would be

19   composed of 12 citizens who are not connected with the

20   prosecution?

21                   THE DEFENDANT:  Yes, your Honor.

22                   THE COURT:  And you understand that you would have the

23   right to the assistance of counsel for your defense at that

24   trial and at every other stage of the proceeding including

25   appeal and, if you could not afford counsel, to have

1    Court-appointed counsel free of charge?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  You also understand that you would have

4    the right to see and hear the witnesses against you and have

5    them cross-examined in your own defense?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Do you also understand that you would have

8    a right on your own part to testify or to stand silent at that

9    trial and be protected from testifying unless you had elected

10   to testify?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  And you also understand that you would

13   have a right to the issuance of subpoenas and compulsory

14   process to compel the attendance of witnesses to testify in

15   your defense and to compel the production of evidence to use in

16   your defense?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  You further understand that by entering a

19   plea of guilty, if that plea is accepted by the Court, that

20   there will be no trial and that you will have waived or given

21   up your right to a trial as well as the other rights that I

22   just described to you?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  All right.  I'll now summarize the charges

25   in the indictment to which counsel has indicated Mr. DiMarco is

1    intending to plead guilty.  This is a three-count indictment,

2    Mr. DiMarco, and the first count is the charge that you

3    possessed a firearm-- well, let me look at the plea agreement.

4    That you possessed a firearm which had traveled in interstate

5    commerce; namely, an RPB Industries M11-A1 .380 caliber

6    firearm. And it charges that you had possession of this firearm

7    on February 2nd, 2012, at a time after you had been convicted

8    in the Court of a crime punishable by imprisonment for a term

9    exceeding one year.

10        The second count charges you with possessing and

11   receiving a firearm on the same date, February 2, 2012.  And,

12   indeed, it's the same firearm, but it charges that this firearm

13   had its serial-- the manufacturer's or importer's serial number

14   removed or obliterated and that the firearm had been previously

15   transported in interstate commerce.

16        The third charge is charge that on the same date, you

17   received and possessed a firearm which was not registered to

18   you in the National Firearms Registration and Transfer record,

19   to wit, a silencer attached to an RPB Industries M11-A1 .380

20   caliber firearm.

21        I'll have to ask a question on this one.  Is a

22   silencer classified as a firearm?

23        MR. BELL:  It is, your Honor.  Under Title 26, and

24   this is at Section 5845(a), there's an enumerated list of

25   firearms and among those is what effectively we call a

15

D2RBDIMP                    Plea

1  silencer.  So, yes, the firearm referenced within Count Three

2  is actually the tubular silencer that Mr. DiMarco possessed on

3  that day.

4            THE COURT:  All right.  Now, let me go to the

5  individual counts and advise you as to what are the essential

6  elements of that count that the government must prove in order

7  to convict you before a jury of the crime charged.

8            Now, with respect to Count One, the government must

9  prove -- in order to prove you guilty, the government must

10  prove each of the following essential elements of the charge

11  against you beyond a reasonable doubt to the unanimous

12  satisfaction of a jury of 12 citizens independent from the

13  prosecution:  First, that on February 2, 2012, you possessed a

14  firearm; second, they must prove that that firearm -- which I

15  should say the firearm in question is an RPB Industries M11-A1

16  .380 caliber firearm.  Second, they must prove that that

17  firearm had previously been shipped and transported in

18  interstate and foreign commerce; third, they must prove that on

19  February 2, you were in the Southern District of New York.  The

20  Southern District of New York is comprised of Manhattan, the

21  Bronx, the Westchester counties and counties to the north,

22  which I don't believe are relevant here.  Next they must prove

23  that you knowingly and intentionally possessed the firearm.

24  Next they must prove that you had previously been convicted in

25  a court by a crime punishable by imprisonment of a crime

D2RBDIMP                    Plea

 1    exceeding one year.  And, lastly, they must prove that you knew

 2    that what you were doing was against the law.

 3            How do you plead to the charge, guilty or not guilty?

 4            THE DEFENDANT:  Guilty, your Honor.

 5            THE COURT:  And are you pleading guilty because you

 6    are, in fact, guilty and not for some other reason?

 7            THE DEFENDANT:  Yes, your Honor, I'm guilty.

 8            THE COURT:  All right.  Let me ask a question of your

 9    counsel.

10            Do you have a prepared allocution or do you want me to

11    inquire?

12            MR. MARVINNY:  We have a prepared allocution, your

13    Honor.

14            THE COURT:  Then I'll go on to the other two counts

15    because your allocution probably covers all three counts.

16            MR. MARVINNY:  That's right, yes.

17            THE COURT:  All right.  Let me go to Count Two,

18    Mr. DiMarco.  In order to prove you guilty of the crime charged

19    in Count Two, the government must prove each of the following

20    elements of the charge against you beyond a reasonable doubt to

21    the unanimous satisfaction of a jury of 12 citizens independent

22    from the prosecution:  First, that on February 2nd, 2012, you

23    had possession of a firearm, namely the RPB Industries M11-A1

24    .380 caliber firearm; next, they must prove that this firearm

25    had its serial number or importer's serial number or its

1    manufacturer's serial number obliterated so that it could not

2    be fully read, so that the serial number was-- in other words,

3    that the serial number was defaced.  Next, they must prove that

4    you had possession of this firearm or received this firearm in

5    interstate commerce or that it had been shipped or transported

6    in interstate commerce prior to your receipt.  Next they must

7    prove that you had this firearm in the Southern District of New

8    York.  Next they must prove that you knowingly had the firearm.

9    And, lastly, they must prove that you knew what you were doing

10   was against the law.

11            How do you plead to the charge?

12            THE DEFENDANT:  Guilty, your Honor.

13            THE COURT:  And then, on the third count-- and you're

14   pleading guilty because you're, in fact, guilty of that charge?

15            THE DEFENDANT:  Yes, your Honor.

16            THE COURT:  All right.  Then on Count Three, in order

17   to prove you guilty, the government must prove each of the

18   following essential elements of the charge beyond a reasonable

19   doubt to the unanimous satisfaction of a jury of 12 citizens

20   unconnected with the prosecution:  First, that, again, on

21   February 2nd, 2012, you had possession of the firearm, or a

22   firearm, which was not registered to you; next they must prove

23   that the firearm was attached to an RPB Industries M11-A1 .380

24   caliber firearm.  And I'm advised that the firearm that is

25   attached is a silencer which is classified, according to the

1    government, as a firearm.  Next they must prove that you had

2    possession of this firearm, the silencer, in the Southern

3    District of New York, and that you had possession of it

4    knowingly.  And, lastly, they must prove that you knew what you

5    were doing in this charge was against the law.

6              How do you plead to the charge?

7              THE DEFENDANT:  Guilty, your Honor.

8              THE COURT:  All right.  Are you pleading guilty to

9    these charges because you are, in fact, guilty?

10             THE DEFENDANT:  Yes, sir.

11             MR. BELL:  May I interrupt very briefly, your Honor?

12   As to Count Three-- and I may be blanking here, but did we note

13   the element concerning the firearm not being registered by the

14   National Firearms Registration and Transfer record?

15             THE COURT:  I thought I did.

16             MR. BELL:  I might have missed it.

17             THE COURT:  I'll ask the question just to be sure.

18   There's no point-- the charges that you-- the firearm you had

19   possession of, that is the silencer, was not registered in the

20   National Firearms Registration and Transfer record to you?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  You understand that.  Do you still plead

23   guilty to that?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  All right.  Do you have a prepared

1    allocution or shall I inquire of Mr. Marvinny?

2            MR. MARVINNY:  It is a prepared allocution, your

3    Honor.

4            THE COURT:  Did you, Mr. DiMarco, write the prepared

5    allocution or did Mr. Marvinny help you with it?

6            THE DEFENDANT:  He helped me with it.

7            THE COURT:  And after you read it-- did you read it

8    carefully?

9            THE DEFENDANT:  Yes, sir.  Yes, your Honor.

10           THE COURT:  Is everything true in it of your own

11   knowledge?

12           THE DEFENDANT:  Yes, your Honor.

13           THE COURT:  Nothing in it is something that you

14   learned from Mr. Marvinny or something you learned from

15   Mr. Bell or some member of the prosecution?

16           THE DEFENDANT:  No.  No, it's correct.

17           THE COURT:  It's correct of your own knowledge?

18           THE DEFENDANT:  Yes, your Honor.

19           THE COURT:  All right.  Then I'll let you read it.

20           THE DEFENDANT:  On February 2nd, in the Bronx, I

21   possessed a machine gun knowing that the machine gun was

22   defaced, defaced serial numbers.  And I possessed a silencer on

23   that date, too.  I was previously convicted of a felony and was

24   not permitted to possess the firearm.  Neither the gun nor the

25   silencer was registered to me.  I'm very sorry for my actions.

1          THE COURT:  And you say it was not registered to you.

2     Are you referring to the requirement that it be registered to

3     you in the National Firearms Registration and Transfer record?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Do you acknowledge that the firearm had

6     been previously shipped and transported in interstate and

7     foreign commerce?

8          MR. MARVINNY:  Your Honor, we will stipulate to that

9     fact.

10         THE COURT:  There's no --

11         MR. MARVINNY:  There's no issue of that.

12         THE COURT:  There's no manufacturer in New York State.

13         MR. MARVINNY:  That's right.

14         THE COURT:  And you had previously been convicted of a

15    crime punishable by imprisonment for a term exceeding one year?

16         THE DEFENDANT:  Yes, your Honor.  It was the Clean Air

17    Act.

18         THE COURT:  What was the nature of the charge?

19         THE DEFENDANT:  The previous charge, your Honor?

20         THE COURT:  Of the Clean Air Act.

21         THE DEFENDANT:  I was doing a construction job and

22    there was a ceiling that we had to take down.  And I didn't

23    know there was asbestos in the building and I got charged with

24    it.

25         THE COURT:  I see.

1          THE DEFENDANT:  And CTS tiles on the floor had

2    asbestos in it, also.  So that's what the charge was.

3          THE COURT:  I see.

4          Well, it's the finding of the Court in the case of the

5    *United States v. Benny DiMarco* that the defendant is fully

6    competent and capable of entering an informed plea and that his

7    pleas of guilty to Counts One, Two and Three are knowing and

8    voluntary pleas supported by an independent basis in fact

9    containing each of the essential elements of each of the

10   offenses.  His plea is, therefore, accepted and he's adjudged

11   guilty of Counts One, Two and Three.

12         I'll order a presentence report.  It will be prepared

13   by the probation office to assist the judge in sentencing.  The

14   defendant will be required to give information to the probation

15   officer for the preparation of the report, and the defendant's

16   attorney should be present.  The defendant's interview with

17   probation is to take place within 14 days.  And the Assistant

18   United States Attorney is to supply probation within 14 days

19   with a case summary for its consideration for inclusion in the

20   presentence report.

21         The Court will permit the defendant and counsel to

22   read the presentence report before the sentence hearing, and

23   the defendant and his counsel shall be afforded an opportunity

24   to speak on behalf of the defendant at the sentence hearing.

25         The sentence will be held on Friday, May 31st, 2013,

1    at 10 a.m. in this courtroom.

2              Is there anything further to come before the Court?

3              MR. BELL:  No, your Honor.

4              MR. MARVINNY:  Nothing from us, your Honor.

5              THE COURT:  All right.  Thank you very much.  Good

6    luck.

7              MR. BELL:  Thank you.

8              THE DEFENDANT:  Thank you, your Honor.

9              MR. MARVINNY:  Thank you, your Honor.

10             (Adjourned)