

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 19, 2013

**BY HAND**

Honorable Robert P. Patterson, Jr.
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Benny DiMarco,**
               **12 Cr. 205 (RPP)**

Dear Judge Patterson:

      Benny DiMarco ("DiMarco" or the "defendant") stands before the Court now, having been convicted of possessing a firearm as a convicted felon, possessing a defaced firearm, and unlawful possession of an unregistered silencer. He is scheduled to be sentenced by this Court on May 31, 2013. The Government respectfully submits that at that time, the Court should sentence the defendant within the appropriate and uncontested Guidelines range – 37 to 46 months.

      In February of 2012, DiMarco was caught redhanded, in broad daylight, in front of a residential building, with a machine gun. This type of dangerous weapon is a rare sight even in a high crime area of the Bronx -- two experienced NYPD officers who participated in the defendant's arrest testified that they had never seen a weapon like it in the course of their duties before. (Sept. 12, 2012 Hearing Tr. 15, 136.) The machine gun was defaced, such that its serial number was no longer visible. Also in the defendant's possession, and bundled with the machine gun, was a long, tubular silencer. The silencer was not registered with the National Firearm Registry. The police had been alerted to a possible firearms sale, and DiMarco had approached a car that had driven up in front of the building with his bag full of contraband items.

      We will never know how much carnage the machine gun would have ultimately caused had the defendant not been apprehended at the scene. We can certainly know that a convicted felon's possession of a defaced machine gun and a silencer on a Bronx street is, put mildly, a disconcerting scenario. The crimes of conviction are serious. Further, despite the defendant's appeals to his

past struggles with drugs and depression, none of these aspects of his life begins to explain away the fact that, as a fifty-year-old years removed from any family tragedy, he found himself in possession of a defaced machine gun.

For these reasons, the Guidelines recommendation is appropriate. A Guidelines sentence would be sufficient but not greater than necessary to serve the other purposes of sentencing as well, as it would reflect the seriousness of these alarming crimes, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence of criminal conduct.

The seriousness of the offense owes to several factors. First, there is the defendant's status as a convicted felon. As defense counsel notes, the defendant's prior predicate felony is not as severe as many prior convictions of defendants sentenced in this district. But the greatest import of the felony conviction is that the defendant was on notice not to carry a firearm. He <u>knew</u> that he could not carry a gun of any sort, let alone the weapons he was caught with. That he would violate that directive is even more troubling given his prior brushes with the law, including a prior weapons conviction and, as explained in the PSR, an acquittal of murder. Most people, after having sustained a weapons conviction and then beaten a raft of charges including murder and weapons possession at trial, would rather part with a limb than go anywhere near a weapon. The defendant toted a machine gun and a silencer to a meeting on a Bronx street corner. DiMarco's willingness to do so despite his past speaks to the need for specific deterrence and a sentence that promotes respect for the law.

The nature of the weapon also causes obvious alarm. The firearm was an RPB Industries M11-A1 .380 automatic weapon. It had been altered so as to eliminate the serial number – a practice that is illegal because such weapons thus became impossible to trace, track, or regulate. Needless to say, the presence of such weapons on the streets only breeds other crimes.

To the extent that the defendant has personal and medical issues that call for attention, the Government respectfully submits that these issues are not beyond the realm of what the Bureau of Prisons deals with routinely.

## **Conclusion**

       For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the Guidelines range of 37 to 46 months' imprisonment, a sentence that is sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

                                                        Respectfully submitted,

                                                      PREET BHARARA
                                                      United States Attorney

                              By:     /s/
                                                        Martin S. Bell
                                                        Assistant United States Attorney
                                                        (212) 637-2463

cc:     Jonathan Marvinny, Esq. (via e-mail and ECF)